**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Okasia Mya Lindsey,<br><br>           Plaintiff,<br><br>v.<br><br>Auto Now Financial Services Incorporated, et al.,<br><br>           Defendants. | No. CV-25-02254-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Plaintiff's motion to proceed in forma pauperis ("IFP"). (Doc. 2). The Court will consider whether Plaintiff should be allowed to proceed in forma pauperis.

**I.     Legal Standards**

    **A.     Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

    **B.     28 U.S.C. § 1915(e)(2)**

        Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines

how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, \*2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at \*2 (S.D. Cal. Mar. 10, 2023).

To survive screening, a complaint must contain sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Facial plausibility exists if the pleader pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* Plausibility does not equal "probability," but plausibility requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* "Where a complaint pleads facts that are 'merely consistent' with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 557 (2007)).

**II.     Screening**

    **A.     Ability to Pay**

The Court has reviewed Plaintiff's financial information. (Doc. 2). In her application, Plaintiff claims she receives monthly disability benefits in the amount of $1,241.00 and has monthly expenses in the amount of $1,211.00. The Court finds that she does not have the ability to pay the filing fee and still afford life's necessities. Accordingly, the motion to proceed in forma pauperis will be granted.

**B.     Screening**

Plaintiff brings an eleven-count complaint under the Fair Credit Reporting Act relating to her credit report. (Doc. 1). Plaintiff names two Defendants: Auto Now Financial and Experian Information Solutions. Plaintiff presents her complaint in a narrative form without carefully distinguishing which count is against which Defendant. (Doc. 1 at 6–8).

Frequently, grouping the Defendants together will not survive screening. Specifically, for a complaint to be plausible, it cannot be a "shotgun pleading…. One common type of shotgun pleading comes in cases with multiple defendants where the plaintiff uses the omnibus term 'Defendants' throughout a complaint by grouping defendants together without identifying what the particular defendants specifically did wrong." *Sollberger v. Wachovia Sec., LLC*, No. SACV 09-0766AGANX, 2010 WL 2674456, at *4 (C.D. Cal. June 30, 2010). Here, while Plaintiff did not distinguish which count was against which Defendant, she did name at least one Defendant in each count. Thus, the Court will interpret the counts to the best of the Court's ability.

Count 1: Plaintiff brings a claim for early reporting of a debt in alleged violation of 15 U.S.C §1681s-2(a)(1)(A) (prohibiting the furnishing of inaccurate information) and 15 U.S.C §1681e(b) (requiring a consumer reporting agency to take reasonable steps to ensure accuracy). (Doc. 1 at 6). Plaintiff's allegation that Auto Now reported this debt before it was assigned to Auto Now states a claim that inaccurate information was furnished. This portion of count 1 thus survives screening. However, nothing in count 1 states a claim against Experian and Experian is dismissed from this count; additionally, a claim under 15 U.S.C §1681e(b) in this count is dismissed.

Count 2: Plaintiff brings a claim for Experian allegedly allowing Auto Now to report a debt without verifying Auto Now was a "lawful furnisher" allegedly in violation of 15 U.S.C §1681e(b) (requiring a consumer reporting agency to take reasonable steps to ensure accuracy) and 15 U.S.C. § 1681i(a) (requiring "reinvestigation" of a charge on a report if the consumer files a dispute). (Doc. 1 at 6). Plaintiff's allegation that Experian did not take steps to verify Auto Now was correctly furnishing information states a claim

under 15 U.S.C §1681e(b).  *See Chaitoff v. Experian Info. Sols., Inc.*, 79 F.4th 800, 811 (7th Cir. 2023).  This portion of count 2 survives screening.  However, Plaintiff does not allege she disputed any information, therefore, she fails to state a claim under 15 U.S.C. § 1681i(a) and this theory of count 2 is dismissed.  Auto Now is also dismissed from count 2 as there are no allegations in this count against this Defendant.

Count 3: Plaintiff alleges that Experian made inconsistent, duplicative reporting of this debt in alleged violation of 15 U.S.C §1681e(b) (requiring a consumer reporting agency to take reasonable steps to ensure accuracy) and 15 U.S.C §1681s-2(a)(1)(A) (prohibiting the furnishing of inaccurate information).  (Doc. 1 at 6).  These allegations state a claim against Experian regarding allegedly failing to take reasonable steps to not report inaccurate information.  This portion of count 3 survives screening.  However, Auto Now is dismissed from count 3 because there are no allegations in this count against this Defendant.  A claim under 15 U.S.C §1681s-2(a)(1)(A) is dismissed because Experian is not a furnisher.

Count 4: Plaintiff alleges that Auto Now failed to accurately report her payment history over several years in alleged violation of 15 U.S.C §1681e(b) (requiring a consumer reporting agency to take reasonable steps to ensure accuracy) and 15 U.S.C. § 1681i(a) (requiring "reinvestigation" of a charge on a report if the consumer files a dispute).  (Doc. 1 at 7).  Experian is dismissed from count 4 because there are no allegations in this count against this Defendant.  Further, Plaintiff does not allege that she disputed her payment history in this count, thus any claim under 15 U.S.C. § 1681i(a) is dismissed.  Finally, any claim against Auto Now under 15 U.S.C §1681e(b) is dismissed because it is not a consumer reporting agency.  Thus, all of count 4 is dismissed.

Count 5: Plaintiff claims that she filed nine disputes and that both Auto Now and Experian continued to verify and report inaccurate data in alleged violation of 15 U.S.C. § 1681i(a) (requiring "reinvestigation" of a charge on a report if the consumer files a dispute) and 15 U.S.C. § 1681s-2(b) (prohibiting the furnishing of inaccurate information after receiving notice from the consumer).  (Doc. 1 at 7).  Plaintiff's allegations state a claim

against Experian under 15 U.S.C. § 1681i(a) (only) and against Auto Now under 15 U.S.C. § 1681s-2(b) (only).  All other claims potentially embedded in count 5 are dismissed.

Count 6: Plaintiff brings two state law claims against Auto Now under A.R.S. § 47–9614 (detailing the notice required prior to the disposition of consumer goods) and A.R.S. § 47–9616 (detailing how to calculate a surplus or deficiency on the disposition of goods to satisfy a debt).  Plaintiff alleges that Auto Now did not comply with these two statutes in relation to the sale of her vehicle.  (Doc. 1 at 7).  These allegations state a claim against Auto Now.  This portion of count 6 survives screening.  However, Experian is dismissed from count 6 because there are no allegations in this count against this Defendant.

Count 7: Plaintiff brings two state law claims against Auto Now under A.R.S. § 47–9614 (detailing the notice required prior to the disposition of consumer goods) and A.R.S. § 47-9625 (outlining the remedies for a secured parties' failure to comply with the various consumer protections detailed in the other sections).  (Doc. 1 at 7).  Plaintiff alleges that Auto Now sent her notice at an incorrect address even though they had her correct address; the Court finds this allegation states a claim against Auto Now.  This portion of count 7 survives screening.  However, Experian is dismissed from count 7 because there are no allegations in this count against this Defendant.

Count 8: Plaintiff alleges that Auto Now violated state law by not giving her reasonable time to redeem her vehicle.  (Doc. 1 at 7).  A.R.S. § 47-9614 states that the notice of intent to sell must include: "You can get the property back at any time before we sell it by paying us the full amount you owe (not just the past due payments), including our expenses. To learn the exact amount you must pay, call us…." Construing Plaintiff's complaint liberally,[1] the Court finds Count 8 states a claim against Auto Now.  This portion of count 8 survives screening.  However, Experian is dismissed from count 8 because there

---

[1] This liberal construction does not prevent Auto Now from filing a motion to dismiss, if appropriate. *Coleman v. Maldnado*, 564 F. App'x 893, 894 (9th Cir. 2014) (a district court may properly grant a motion to dismiss despite a prior screening order finding the complaint stated a claim); *Jones v. Sullivan*, 19-CV-0025BKSCFH, 2020 WL 5792989, at *5 (N.D.N.Y. Sept. 29, 2020) ("A court's initial screening under § 1915(e) and/or § 1915A does not preclude a later dismissal under Fed. R. Civ. P. 12(b)(6).").

- 5 -

1  are no allegations in this count against this Defendant.

2      Count 9: Plaintiff alleges that even after she disputed her credit report, Experian
3  continued to engage in inaccurate reporting without a reasonable investigation. (Doc. 1 at
4  7). The Court cannot decern a difference between count 9 and count 5; as a result, count 9
5  is dismissed as duplicative.

6      Count 10: Plaintiff alleges that even after she disputed her credit report, Experian
7  continued to verify inaccurate information. (Doc. 1 at 8). The Court cannot decern a
8  difference between count 10 and count 5; as a result, count 10 is dismissed as duplicative.

9      Count 11: Plaintiff alleges that Auto Now did not report the deficiency she allegedly
10 owed after the sale of her vehicle to her credit report for approximately three years. (Doc.
11 1 at 8). Plaintiff concludes that such "delayed reporting" violates the Fair Credit Reporting
12 Act. (*Id*.). Plaintiff cites nothing, and the Court has located nothing, that required Auto
13 Now to report a debt within a certain deadline. Accordingly, count 11 fails to state a claim
14 and is dismissed.

15 **III.  Conclusion**

16     Based on the foregoing,

17     **IT IS ORDERED** that the motion to proceed in forma pauperis (Doc. 2) is granted.

18     **IT IS FURTHER ORDERED** that Plaintiff must serve the summons, complaint
19 and a copy of this Order on Defendants within the time set by Federal Rule of Civil
20 Procedure 4(m). Plaintiff may either serve the complaint through her own means, or file a
21 motion asking for service by the U.S. Marshals. Any motion for Marshal service must be
22 filed within 14 days of the date of this Order.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1 **IT IS FINALLY ORDERED** that in answering or otherwise responding to the
2 Complaint, Defendants need only respond to the portions of the complaint that survived
3 screening as specified above.

4 Dated this 24th day of July, 2025.

*James A. Teilborg*
Senior United States District Judge