**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Okasia Mya Lindsey, | No. CV-25-02254-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Experian Information Solutions Incorporated, | |
| Defendant. | |

Pending before the Court is Defendant Experian Information Solutions Incorporated's Motion to Confirm Arbitration Award. (Doc. 22). Plaintiff Okasia Mya Lindsey did not file a response. The Court now rules.

Plaintiff's Complaint alleged that Defendant committed multiple violations of the Fair Credit Reporting Act. (Doc. 5 at 3–5). The parties jointly moved the Court to compel Plaintiff's claims against Defendant to proceed and be resolved in arbitration. (Doc. 17 at 2). In that motion, the parties acknowledged that, in the event arbitration does proceed, "either party may move this Court to confirm 'the award made pursuant to the arbitration.'" (Doc. 17 at 2) (citing 9 U.S.C. § 9). This Court granted the parties' stipulation to compel arbitration and directed the parties to "expeditiously arbitrate" Plaintiff's claims with the American Arbitration Association. (Doc. 18 at 3).

On April 30, 2026 the Arbitrator issued a final decision in Defendant's favor and dismissed Plaintiff's case. (Doc. 22-1 at 4). Defendant now asks this Court to confirm the

April 30, 2026 arbitration award.[1] (Doc. 22 at 1); *see* 9 U.S.C. § 9 (permitting any party to the arbitration to "apply to the court . . . for an order confirming the [arbitration] award" within one year after the award is made). The court must grant an application for an order confirming an arbitration award "unless the award is vacated, modified, or corrected as prescribed in section 10 and 11 of this title." 9 U.S.C. § 9; *see* 9 U.S.C. § 10(a) (outlining circumstances in which a district court may vacate an arbitration award); 9 U.S.C. § 11 (outlining circumstances in which a district court may modify or correct an arbitration award).

Plaintiff did not respond to Defendant's motion or otherwise argue that the arbitration award should be vacated, modified, or corrected.[2] Because Plaintiff does not dispute the Arbitrator's decision, the Court will grant the Motion.

Accordingly,

**IT IS ORDERED** that Defendant Experian Information Solutions Incorporated's Motion to Confirm Arbitration Award (Doc. 22) is **granted**.

**IT IS FURTHER ORDERED** that the Arbitration Award is confirmed in favor of

---

[1]    The Court notes that there was no monetary award in this case. Accordingly, the court interprets Defendant's motion for confirmation of the arbitration "award" as a request for this Court to confirm the Arbitrator's final decision to dismiss Plaintiff's case.

[2]    The Court acknowledges that under 9 U.S.C. § 12, Plaintiff has the right to file a motion to vacate, modify, or correct an arbitration award within three months after the award is filed or delivered. Plaintiff could thus move to vacate, modify, or correct the arbitration award on or before July 30, 2026. And while Defendant moved to confirm the arbitration award before the three-month period had elapsed, "[n]othing in the statute prevents a party from moving for confirmation of an award within three months of that award or mandates that a district court wait to rule on such a motion because another party may file a motion to vacate." *McLaurin v. Terminix Int'l Co., LP*, 13 F.4th 1232, 1240–41 (11th Cir. 2021). When a party moves to confirm an arbitration award before 9 U.S.C. § 12's three-month period elapses, a party "may raise the grounds under Section 10 and Section 11 as defenses to a motion to confirm an arbitration award so long as those defenses are timely under the statute and any scheduling order." *Id.* at 1241; *see also* 9 U.S.C. §§ 10(a), 11.

Because Plaintiff had the opportunity to make arguments under § 10(a) and § 11 in her Response to Defendant's Motion to Confirm but failed to do so, the Court interprets the non-response as Plaintiff's consent to Defendant's request to confirm the Arbitrator's decision. LRCiv 7.2(c) ("The opposing party shall . . . have fourteen (14) days after service in a civil or criminal case within which to serve and file a responsive memorandum."); *id.* 7.2(i) ("[I]f . . . counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily.").

- 2 -

Defendant Experian Information Solutions Incorporated.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment in favor of Defendant Experian Information Solutions Incorporated and against Plaintiff Okasia Mya Lindsey.[3]

Dated this 1st day of June, 2026.

_____
James A. Teilborg
Senior United States District Judge

---

[3]    The only other Defendant was previously dismissed from this case. (Doc. 8).